UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY TIPPINS,

        Petitioner,                          Case Number 2:08-CV-13769
                                                      Honorable Patrick J. Duggan

v.

MILLICENT WARREN, Warden,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Johnny Tippins ("Petitioner"), a Michigan prisoner, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging his conviction on January 10, 2003, in the Circuit Court for Wayne County, Michigan. On that date, following a bench trial, Petitioner was convicted of second-degree murder in violation of Michigan Compiled Laws § 750.317, felon in possession of a firearm in violation of Michigan Compiled Laws § 750.224f, and commission of a felony with a firearm in violation of Michigan Compiled Laws § 750.227b. On January 28, 2003, the trial court sentenced Petitioner to prison terms of twenty-six to fifty years for the murder conviction, one to five years for the possession of a firearm offense, and a consecutive term of two years for the felony-firearm offense.

In his application, Petitioner asserts the following grounds in support of his request for habeas relief: (1) the trial judge made statements before trial that revealed her bias and

denied Petitioner his right to an impartial fact-finder; and (2) Petitioner's trial and appellate counsel were ineffective for failing to raise the issue of the trial judge's bias. Respondent filed an answer to the petition asserting that the petition was filed after the expiration of the one-year statute of limitations. The Court agrees and finds that the petition was untimely filed. The Court also finds that Petitioner's claims are meritless.

## I.      Factual and Procedural Background

The charges in this case arose out of the shooting death of Edward Hayes on December 5, 2001. Earlier that day, Hayes kicked Petitioner out of his house, and Petitioner responded by throwing a bicycle through Hayes' window. Later that evening, while Hayes was riding in a van with Brian Staples and Joel McBride, Petitioner shot and killed Hayes. At Petitioner's trial, Staples and McBride testified that they knew Petitioner from the neighborhood, and they identified him as the man who fired the shot into the van that killed Hayes. Staples and McBride denied hearing Hayes threaten Petitioner from the van before the shooting.

After his arrest, Petitioner made a statement to the police that was admitted at trial. In this statement, Petitioner admitted shooting at the van, but claimed that he did so in self-defense. Petitioner stated that he had heard from other people that Hayes threatened to kill him. Petitioner explained that when he saw the van pull-up, he heard Hayes yelling at him and Hayes appeared to be pointing something at him from outside the van window. Petitioner admitted that he fired two shots at the van and then ran. The trial judge, acting as the fact-finder, found Petitioner guilty as indicated above.

-2-

Following sentencing, Petitioner filed an appeal of right, raising several claims that he does not assert in the present case. On April 9, 2002, the Michigan Court of Appeals issued an unpublished per curiam opinion affirming Petitioner's convictions. *People v. Tippins*, No. 247034 (Mich. Ct. App. April 9, 2002). Petitioner filed a motion for rehearing that the Court of Appeals denied on November 17, 2004. Petitioner did not file an application for leave to appeal this decision in the Michigan Supreme Court.

Instead, on February 11, 2005, Petitioner filed a motion for relief from judgment in the trial court. The motion essentially presented the same claims that Petitioner is raising in the present action. The trial court denied the motion in a two-page opinion issued on March 18, 2005.

On September 13, 2005, Petitioner attempted to file a delayed application for leave to appeal the denial of his motion for relief from judgment in the Michigan Court of Appeals. But on September 22, 2005, the clerk of the Michigan Court of Appeals sent Petitioner a letter informing him that his application was defective and would not be accepted for filing. The letter informed Petitioner of the missing documents he was required to include with his application and that he had twenty-one days to correct the deficiencies or his application would be dismissed.

On October 7, 2005, Petitioner filed an "Affidavit to Dismiss Application for Leave to Appeal Without Prejudice" in the Michigan Court of Appeals. In the affidavit, Petitioner claimed that he had filed a motion to supplement his motion for relief from judgment in the trial court on March 17, 2005, and two other pleadings in the trial court in

-3-

August and October 2005.[1]  Petitioner claimed that the trial court had not yet ruled on these pleadings, and that he would re-file his application for leave to appeal after he received a decision from the trial court.  The Michigan Court of Appeal dismissed his appeal "without prejudice to whatever other relief may be available consistent with the court rules."  *People v. Tippins*, No. 265037 (Mich. Ct. App. Oct. 20, 2005).

Following the dismissal of his application, Petitioner never sought to file an appeal of his motion for relief from judgment in the state courts.  Instead, Petitioner filed multiple actions for superintending control in the state appellate courts seeking an order to compel the trial court to re-issue its decision denying his motion for relief from judgment.  These actions were dismissed on procedural grounds.  *Tippins v. Circuit Judge*, No. 278887 (Mich. Ct. App. Aug. 30, 2007); *Tippins v. Circuit Judge*, No. 135296 (Mich. Sup. Ct. Nov. 20, 2007).

Petitioner signed and dated the habeas corpus petition in this case on August 27, 2008.

## II.    Applicable Statute of Limitations and Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), contains

---

[1]The trial court's docket sheet does not reflect the filing of any such pleadings, but Petitioner has attached a copy of what purports to be a motion filed in the trial court in July 2005 (Doc. 1 Ex. J), and a motion with the chief judge of the trial court claiming that a motion for reconsideration filed in October of 2005 had not been decided by the trial court.  (Unlabeled exhibit attached to Petition).  To further confuse the picture, a trial court docket entry indicates that a motion for reconsideration was denied by the trial court on April 10, 2006.  However, Petitioner has proffered a copy of a February 11, 2008 order denying a motion for rehearing on the grounds that it was untimely.  (*Id*. Ex. I.)

a one-year limitations period for habeas petitions brought by state prisoners challenging

state court judgments.  28 U.S.C. § 2244.  The one-year limitations period, as relevant to

Petitioner's application for habeas relief, runs from the date on which the state court

judgment became final by the conclusion of direct review or the expiration of the time for

seeking such review. *See id.* § 2244(d)(1)(A).  A habeas petition filed outside the time

period prescribed by this section must be dismissed.  *Isham v. Randle*, 226 F.3d 691, 694

(6th Cir. 2000), *abrogated on other grounds by Abela v. Martin*, 348 F.3d 164, 172 (6th

Cir. 2003) (en banc).

Where a Michigan prisoner does not file an application for leave to appeal in the

Michigan Supreme Court following his appeal of right in the Michigan Court of Appeals,

his conviction becomes final fifty-six days after the decision of the court of appeals.  *See*

Mich. Ct. R. 7.302(C)(2); *Erwin v. Elo*, 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001).

Here, the Michigan Court of Appeals denied Petitioner's motion for rehearing on

November 17, 2004.  Petitioner did not file an application for leave to appeal with the

Michigan Supreme Court, so his conviction became final fifty-six days later on January

12, 2005.

The running of the one-year statute of limitation is tolled while a properly filed

application for post-conviction or other collateral review is pending in the state court. *See*

28 U.S.C. § 2244(d)(2).  In Petitioner's case the limitations period began tolling under

this provision on February 11, 2005, when Petitioner filed his motion for relief from

judgment in the trial court.  The trial court denied the motion on March 18, 2005, and as

-5-

outlined above, his attempt to appeal this decision to the Michigan Court of Appeals was dismissed for his failure to file an application in conformity with the rules on October 20, 2005. After this appeal was dismissed, Petitioner did not have an application for post-conviction review properly filed and pending in a state court that would toll the limitations period under § 2244(d)(2).[2] Therefore the limitations period started running again on October 21, 2005, and it continued running up until the time that Petitioner filed the present action almost three years later on August 27, 2008.

Petitioner's late motion for reconsideration filed in the trial court– assuming it was filed at all– did not act to further toll the limitations period. Petitioner claims that he filed supplements to his motion for relief from judgment in August and October of 2005. There is no indication on the trial court docket sheet that these motions were filed, although there is an entry for an order denying reconsideration on April 10, 2006. But even assuming that Petitioner filed these motions, they were not filed within the 14-day time limit and therefore did not act to toll the limitations period. Mich. Ct. R. 2.119(F); *Pace v. DiGuglielmo*, 544 U.S. 408, 414, 125 S. Ct. 1807, 1812 (2005) (internal quotation marks and citation removed) ("When a post-conviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2).")

Likewise, Petitioner's actions for superintending control did not toll the limitations

---

[2]Arguably, the filing of Petitioner's appeal of the denial of his motion for relief from judgment did not toll the limitations period as his application was deemed defective by the Michigan Court of Appeals. The Court will assume that the limitations period was tolled from the date of filing until the appeal was dismissed on October 20, 2005, however, doing so does not change the outcome that his present habeas petition is untimely.

period.  These actions were not direct challenges to Petitioner's judgment of conviction.

They were actions seeking orders to compel the trial court to issue a new order denying

his motion for relief from judgment.  *See Moore v. Cain*, 298 F.3d 361, 366-367 (5th Cir.

2002) (mandamus action does not toll limitations period because it does not challenge the

conviction, but rather the failure of an official to act); *accord Smith v. Hofbauer*, No.

2:08-cv-117, 2009 WL 1788347, at *2 (W.D. Mich. June 18, 2009) (holding that a state

court complaint for superintending control did not toll the limitations period).

        In his reply to Respondent's answer, Petitioner attempts to side-step these

problems by arguing that his motion for relief from judgment is still pending in the trial

court because the trial court never issued an "order" denying the motion.  Petitioner notes

that the state trial court labeled the document denying his motion for relief from judgment

only as an "opinion."  Petitioner notes that the letter he received from the Michigan Court

of Appeals regarding his deficient application for leave to appeal states that he failed to

include "five copies of the order denying the motion for relief from judgment."  Petitioner

asserts that it was the state trial court's failure to properly issue an order that prevented

him from further pursuing his state post-conviction review proceeding.

        Petitioner might have a point if he had included the trial court's March 18, 2005

opinion with his application and the appellate court nevertheless rejected it because of

this deficiency.  But the problem with Petitioner's filing in the Michigan Court of

Appeals was that it did not include anything beyond copies of the application itself.

Petitioner did not include a copy of the trial court's opinion, and he omitted several other

-7-

required documents.  Further, the trial court's failure to use the word "order" on the document denying Petitioner's motion for relief from judgment would not have prohibited the Court of Appeals from considering his application.  *In re Mark E. Moon Estate*, No. 294176, 2011 WL 254934, at *1 (Mich. Ct. App. Jan. 27, 2011) ("Appellant should not be denied the chance to appeal this case merely because the probate court did not use the word 'order.'")  The dismissal of his appeal in the Michigan Court of Appeals was not the result of the trial court's using the wrong label on its opinion denying the motion for relief from judgment; it was a result of Petitioner's failure to include several required documents with his application for leave to appeal– a copy of the March 18 opinion being only one of several deficiencies.

In short, Petitioner's state post-conviction review proceeding ended on October 20, 2005, when he failed to correct the deficiencies in his application for leave to appeal the state court's denial of his motion for relief from judgment.  Nothing he filed in the state courts after the dismissal of his appeal acted to further toll the limitations period. Therefore, Petitioner's habeas petition was untimely filed, and it must be denied on that basis.

**III.    Petitioner's Claims for Relief and Analysis**

Even assuming that the petition was timely filed, Petitioner would still not be entitled to habeas relief because his asserted grounds for relief are meritless.  Petitioner claims that the trial court developed a bias against him when it considered and denied his motion to quash the first-degree murder charge.  He also claims that his trial and appellate

counsel were ineffective for failing to raise this issue before trial and during his direct appeal.

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157 (1994). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* The test is whether "there was bias, or such a likelihood of bias or an appearance of bias that the judge was unable to hold the balance between vindicating the interests of the court and the interests of the accused." *Ungar v. Sarafite*, 376 U.S. 575, 588, 84 S. Ct. 841, 848 (1964).

The statements made by the trial judge in denying Petitioner's motion to quash reflect no such bias. Defense counsel argued in the motion to quash that the circumstances of the shooting did not raise a genuine issue as to premeditation and deliberation to support a first-degree murder charge. In denying the motion, the trial judge examined the preliminary examination testimony under a "probable cause" standard to decide the motion:

> The Court believes that after listening to, reviewing the testimony of Mr. Tippins, as well as Mr. Staples and Mr. McBride, that there was ample time for the defendant to premeditate this. That he considered the pros and cons of this killing and that he came upon this vehicle that the deceased was, in fact, in. Gave him an opportunity to execute him. And that, in fact, what he did. And so, that he killed him. And the Court would agree that a jury could find that it was self-defense. But at this point in looking at this

-9-

transcript from a probable cause standard, the Court clearly believes that
there is more– that there is ample evidence on each of those counts.  So,
therefore, the Court is going to deny defendant's motion to quash.

(4/19/02 Tr. at 15-16.)

There is nothing in the trial court's ruling indicating that the court prejudged the
case or was biased against Petitioner.  The ruling simply reflects the fact that the judge
applied a standard of review to the motion to quash that required it to look at the evidence
presented at the preliminary examination to determine whether there was probable cause
to believe that Petitioner committed the charged offense.  *People v. Yost*, 468 Mich. 122,
125-126, 659 N.W.2d 604, 606-07 (2003).  It follows that Petitioner's trial and appellate
counsel were not ineffective for failing to raise this meritless issue.  *Mapes v. Coyle*, 171
F.3d 408, 427 (6th Cir. 1999).  Therefore, even if Petitioner's habeas application was
timely filed, he fails to present grounds providing a basis for granting habeas relief.

IV.     **Conclusion and Certificate of Appealability**

For the reasons set forth above, the Court concludes that Petitioner's application
for a writ of habeas corpus is untimely under 28 U.S.C. § 2244.  But even if Petitioner
had timely filed his petition, he fails to set forth claims that support his request for habeas
relief.

Before Petitioner may appeal this decision, a certificate of appealability must
issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability
may issue "only if the applicant has made a substantial showing of the denial of a
constitutional right."  28 U.S.C. § 2253(c)(2).  When a district court denies a habeas

-10-

petition on the merits of the claims, a certificate may issue if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000). When a district court denies habeas relief on procedural grounds without reaching the petitioner's constitutional claims, a certificate may issue if the petitioner shows that jurists of reason would find it debatable whether (1) the petition states a valid claim of a denial of a constitutional right; *and* (2) the district court was correct in its procedural ruling. *Id*. at 484-85, 120 S. Ct. at 1604. Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claims.

Accordingly,

**IT IS ORDERED**, that Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**;

-11-

**IT IS FURTHER ORDERED**, that a certificate of appealability is **DENIED**.

Dated:March 15, 2011

s/Patrick J. Duggan
United States District Judge

Copies to:

Johnny Tippins
#342855
Ryan Correctional Facility
17600 Ryan Road
Detroit, MI 48212

AAG Laura Moody